[Criminal No. 662. Filed March 5, 1928.]

[264 Pac. 685.]

JOHN A. MURPHY, Appellant, v. STATE, Respondent.

Mr. Alexander Murry and Mr. Riney B. Salmon, for Appellant.

Mr. John W. Murphy, Attorney General, and Mr. A. R. Lynch, Assistant Attorney General (Mr. James T. Gentry, County Attorney, and Mr. C. R. Lynch, on the Brief), for the State.

LOCKWOOD, J.—John A. Murphy was informed against in the superior court of Cochise county for the crime of murder. He entered a plea of not guilty, and on the trial of the case admitted the homicide, but contended that the killing was done in self-defense and was therefore justifiable. A verdict of guilty of murder in the second degree was returned against him and he was sentenced thereon to serve a term in the Arizona State Prison. From the order denying the motion for new trial and the judgment of the court he has appealed, and the matter is before us for review.

There are three assignments of error, each containing several subdivisions, but we think it necessary to consider only the first. It is that the court erred in refusing to admit evidence of various specific acts of violence committed by deceased against third persons before the killing, which said acts were known to defendant. This evidence was offered for two purposes: First, to show the state of mind of defendant when he fired the fatal shot; and, second, as bearing on the question of whether there was actual danger, irrespective of what defendant's thoughts might have been. The question of the admissibility of evidence of specific instances of violence by deceased against third persons and occurring before the homicide has been squarely before this court in the case of *Mendez* v. *State,* 27 Ariz. 82, 229 Pac. 1032.

After considering the question and reviewing the authorities therein, we stated as follows:

"Neither the ends of justice nor a practical administration of the law requires or justifies the

laying down of the bars to the admission of evidence of all the acts of violence of the deceased nor the arbitrary rejection of all such evidence. Each case must of necessity be largely determined upon its own facts. We think, *where the facts show a prima facie case of self-defense,* the accused should generally be permitted to introduce evidence of specific acts of violence by the deceased towards third persons within his own knowledge or coming under his own observation, as also that he knew or had been informed that deceased was a turbulent and quarrelsome man. We also deduce from the cases that previous acts of violence by the deceased towards third persons, when bearing some relation to or growing out of the same transaction as the one in which the homicide occurs, should be admitted in evidence for the purpose of helping the jury to determine whether a defendant acted in good faith and under an apprehension of losing his life or suffering great bodily harm.'' (Italics ours.)

This general proposition of law, while contrary to the trend of the older decisions, is in line with the more recent ones, and we see no reason for departing from the rule laid down in the Mendez case. We wish, however, to emphasize the statement made therein that ''each case must of necessity be largely determined upon its own facts.'' Where there is a *prima facie* case of self-defense made, and the previous act of violence bears some relation to or grows out of the same transaction as the one in which the homicide occurs, or where by reason of its proximity in time, place and circumstances it would legitimately reflect upon the conduct or motives of the parties at the time of the affray, the evidence should be admitted, but when it does not comply with these conditions it should not. *Campbell* v. *Territory,* 14 Ariz. 109, 125 Pac. 717; *Mendez* v. *State, supra.*

It is necessary, therefore, that we review briefly the evidence presented in the case at bar to determine whether the issue of self-defense was properly before the jury when the offer of the rejected evidence

was made. We think that defendant cannot complain if we take his own testimony as presenting the strongest case on this issue which could be made in his behalf. In substance it was to the effect that deceased had for some time accused defendant of being a drug addict; that the latter's friends had begun to shun him to such an extent that it became extremely embarrassing; that he wished to discuss the matter with deceased, but could not do it on the street for the reason that the latter avoided him or refused to speak to him. He therefore determined on the night of the killing to go over and talk things over with deceased. Knowing that the latter was a man of violent character, addicted to the use of firearms, and in the habit of assaulting others on little or no provocation, defendant armed himself with an automatic revolver and a club, in order to protect himself, went to the house of deceased, and when admitted thereto by a third party, expressed his wish to speak to deceased for a few minutes. They walked into the back screen porch, and defendant accused deceased of calling him a drug addict, and stated that he had come over to find out why he had done it. Deceased then hit defendant with his fist, and, opening the door, told the latter to get out. Defendant stated that he wanted no trouble but wished to explain matters, whereupon deceased again hit him with his fist. Defendant then struck deceased with his club, and they engaged in a general scuffle, during the progress of which each struck the other repeatedly. Deceased thereupon went out of the room, stating that he would kill defendant, and returned later with a gun in his hand, when defendant shot twice, killing deceased almost immediately.

If this testimony presents a *prima facie* case of self-defense the court erred in rejecting the evidence in question. If, on the other hand, it does not, the

ruling was proper. The Arizona statute, which is on this point merely declaratory of the common law, is that homicide is justifiable "when resisting any attempt to murder any person, or to commit a felony, or to do some great bodily injury upon any person; . . . *but such person, . . . if he was the assailant or engaged in mortal combat, must really and in good faith have endeavored to decline any further struggle before the homicide was committed. . . .* " (Italics ours.) Pen. Code 1913, § 180.

It is the rule that a defendant may not claim self-defense when he seeks deceased for the purpose of provoking or bringing on a difficulty, and where on meeting the latter he executes such purpose. 30 C. J. 52. And we are of the opinion that when a man, who, according to his own statement, knows that another is of a violent and turbulent disposition, to such an extent that the former believes it necessary to arm himself with a deadly weapon before even discussing with the latter a matter of dispute between them, and when having so armed himself he goes to the home of his adversary for the express purpose of discussing the very matter which he believes is likely to bring on an affray involving the use of deadly weapons, and when, after being asked by his adversary to leave the premises, he persists in remaining and engaging in a combat with the latter which culminates in an apparent necessity on his part of shooting his adversary to avoid the loss of his own life, as a matter of law his conduct is such that it does not raise a *prima facie* issue of self-defense for the jury.

We are aware of the fact that there are many decisions in the state of Texas, and possibly one or two from other states, which seem to uphold a contrary rule. *Richards* v. *State,* 86 Tex. Cr. 414, 216 S. W. 888; *Gray* v. *State,* 55 Tex. Cr. 90, 22 L. R. A. (N. S.) 513, 114 S. W. 635; *Vincent* v. *State,* 153 Ga. 278, 112 S. E. 120. On examining these cases,

however, we find the large majority involve encounters on neutral ground, and not in the home of the deceased. Whatever may be the rule in other states under the particular circumstances of each of the cases in which the question has been raised, we are of the opinion that in Arizona under circumstances such as appear in the evidence in this case no issue of self-defense is raised as a matter of law. The freedom of one's own home from invasion by any person except under due process of law has always been upheld as one of the most sacred rights of the English-speaking peoples, and we think that a person who voluntarily enters another's residence under circumstances and for a purpose which, according to his own statement, will in all probability lead to a violent encounter with the owner, and who arms himself in preparation for such an encounter, cannot, after the very affray which he had anticipated commences, remain on the invaded premises and in the process of mutual combat slay the owner and then successfully plead self-defense. Such being the law, there was no issue of self-defense presented to the jury in the instant case, and the court rightly rejected the evidence of previous acts of violence on the part of deceased.

In view of what we have just stated, it is not necessary that we consider the other assignments of error. Counsel for defendant admitted in open court that they were not well founded unless there was a *prima facie* case of self-defense, and, as we have said, the evidence in this case does not show it.

For the foregoing reasons, the judgment of the superior court of Cochise county is affirmed.

ROSS, C. J., and McALISTER, J., concur.